IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10847
Summary Calendar

_____


ROY WAYNE TRAYLOR,

                                        Plaintiff-Appellee,

        versus


CITY OF DALLAS; ET AL.,

                                        Defendants,

        KARL H. GUENTHER; MARK LANG;
        RICARDO SINYARD,

                                        Defendants-Appellants.


_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-2812-M

_____

February 25, 2002

Before GARWOOD, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Karl H. Guenther, Mark Lang, and Ricardo Sinyard seek review
of the district court's denial of their summary judgment motion on
the issues of qualified and official immunity.

_____

    [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court found, obviously based on plaintiff's affidavit, that genuine issues of material fact precluded it from granting summary judgment to the individual defendants on the false arrest and, except as to appellant Sinyard, excessive force claims. Based on our review of the record, we are unable to conclude that this determination, so far as it involves appellants Guenther and Lang, was likely based on an erroneous determination of what alleged facts were material (as opposed to genuinely disputed), and hence we lack jurisdiction of the present interlocutory appeal of Guenther and Lang. *See, e.g., Bazan v. Hidalgo County*, 246 F.3d 481, 490-93 (5th Cir. 2001).[1]

As to appellant Sinyard, the district court dismissed the

---

[1] With respect to the false arrest claim, Guenther and Lang do not argue on appeal, and did not argue below, that they had qualified immunity for arresting plaintiff for assaulting Sinyard even if, as the facts stated in plaintiff's affidavit could indicate, no similarly situated reasonable officer could have concluded that there was probable cause to believe such an assault occurred, because the summary judgment evidence shows that a reasonable officer could have in any event concluded that there was probable cause to arrest plaintiff for interfering with Sinyard's performance of his official duties by trying to remove the noose from the dog's neck, even if plaintiff never assault Sinyard. Nothing in our action herein of itself precludes such an issue from being raised at trial on the merits (or in a renewed motion for summary judgment, if allowed by the district court).

Nor does our action herein of itself preclude judgment as a matter of law for Guenther and/or Lang on qualified immunity on a fuller development of the facts (which might, for example, arise from testimony of plaintiff).

As appellants' reliance on Tex. Civ. Proc. and Rem. Code § 101.106, this was not raised below. We also note that plaintiff's state law claims against the City of Dallas were only dismissed without prejudice.

excessive force claim stating "Plaintiff has not alleged that Sinyard used any force against him." However, it is also the case that plaintiff did not allege that Sinyard arrested him,[2] so Sinyard was entitled to qualified immunity on any claim for false arrest. We accordingly modify the trial court's judgment to dismiss any claim against Sinyard for false arrest, as well as for excessive force and malicious prosecution.

For the reasons stated, the appeal of Guenther and Lang is dismissed for want of an appealable order; as to Sinyard's appeal, the district court's order is modified so as to dismiss any false arrest claim against him, as well as any excessive force or malicious prosecution claim.

APPEAL DISMISSED as to Guenther and Lang;

ORDER MODIFIED as to Sinyard.

---

[2]Plaintiff's Second Amended Original Complaint, his final pleading, alleged in this respect (¶ 10) only that "Plaintiff was arrested by Defendants Guenther and Lang".